IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY MACK ANDERSON,
        Plaintiff,

vs.                            3:10cv459/MCR/MD

SHERIFF D. MORGAN, et al.
        Defendants.

---

## O R D E R

      This cause is before the court upon plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983.  From a review of this complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named defendants.  Additionally, plaintiff has failed to properly complete the complaint form.  The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

      Plaintiff was incarcerated at the Escambia County Jail  at the time the events giving rise to this complaint took place.  Named as defendants in this action are Sheriff Morgan, Commander A. Hemphill and Director of Nursing, Paula LIttle.  Plaintiff alleges that he has received inadequate medical treatment for an eye injury that resulted from a tear in his contact lens.  He asserts that the injury has left him with bad headaches and blurred vision. He maintains that he submitted two sick call requests to Paula Little, who responded by refusing to call him down to sick call to examine his eye or give him anything for the pain. Instead she told him that the jail did not send inmates out to optometry.  Plaintiff grieved the matter to Commander Hemphill and received a response indicating that a torn contact can in no way tear a retina or bruise a pupil as plaintiff had claimed.  Plaintiff states that he

was left to suffer from headaches and blurred vision. He seeks $200,000 in damages against each defendant for the denial of his Eighth and Fourteenth Amendment rights.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1.  whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988) (citations omitted); *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing *West*).

It is not clear from the plaintiff's complaint whether he was a pre-trial detainee or an inmate at the time of the events in question. This distinction is significant because if he was a pretrial detainee at the time of the alleged misconduct, the relevant constitutional guarantee is not the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted prisoners, but rather the Due Process Clause of the Fourteenth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008). Although the claims are analyzed in a similar manner, only one provision or the other would apply.[1]

Generally stated, the standard applicable to claims involving the mistreatment of pretrial detainees in custody is as follows:

> A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. [*Marsh*, 268 F.3d at 1028]. Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an objectively unreasonable manner. *Farmer v. Brennan*, 511 U.S. 825, 834, 844-845, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Finally, a plaintiff must show that the constitutional violation caused the injury. *Marsh*, 268 F.3d at 1028.

---

[1]An exception to this would be if plaintiff contends that he was denied medical treatment as both a pre-trial detainee and after conviction.

*Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). In the medical context, the plaintiff pretrial detainee must show that prison officials acted with "deliberate indifference to serious medical needs" which involves satisfying an objective and a subjective inquiry. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) *; Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor*, 221 F.3d at 1258. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). If plaintiff cannot show a "serious" medical need or deliberate indifference to that need, his claim will fail. This is because "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the [Fourteenth] Amendment.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 105-06.

Even if plaintiff's eye problem rises to the level of a serious medical need, he may not be able to state a claim against the supervisory defendants, because respondeat superior, without more, does not provide a basis for recovery under section 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007). "Supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); see also *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001). Thus, one cannot be held liable for the actions or omissions of others, but can only be held responsible if he participated in the deprivation of plaintiff's constitutional rights. *Marsh, supra; Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice

of the need to correct the alleged deprivation, and he fails to do so." *Cottone*, 326 F.3d at 1360 (quoting *Gonzalez v. Reno*, 325 F.3d at 1228, 1234 (11th Cir. 2003) (quoting *Braddy v. Fla. Dept. of Labor & and Employment Sec.*, 133 F.3d 797, 802 (11th Cir. 1998))); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).  A supervisor ordinarily cannot be held liable under a *respondeat superior* theory for the acts and omissions of individuals acting in contravention to policy. *Tittle v. Jefferson County Commission,* 10 F.3d 1535, 1540 (11th Cir. 1994). However, the causal connection may be established when a supervisor's "custom or policy ... result[s] in deliberate indifference to constitutional rights" or when facts support an inference that the supervisor "directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee County,* 510 F.3d 1312, 1331 (11th Cir. 2007) (citation omitted); *Cottone*, 326 F.3d at 1360.  "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Cottone, supra,* (quoting *Gonzalez*, 325 F.3d at 1234).  Plaintiff has set forth no allegations in his complaint suggesting a basis for liability of Sheriff Morgan.

In amending, plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.   If plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff must place the defendants' names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the statement of facts, plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.   The facts relating to each defendant should be set out clearly and in enough detail to support the legal conclusions in the complaint. *Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010).  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  In the section entitled "Statement of Claim," plaintiff must state what rights he contends have

been violated, and he must provide support in the statement of facts for the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because matters not set forth in the amended pleading are deemed to have been abandoned. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself. Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number and the words "Amended Complaint" should be written on the form.

2. The plaintiff shall have **twenty-eight (28) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 29th day of December, 2010.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**