# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

ANTHONY MACK ANDERSON,

      **Plaintiff,**

v.                              **Case No. 3:10cv459/MCR/CJK**

A. HEMPHILL, et al.,

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's second amended complaint filed pursuant to 42 U.S.C. § 1983 (doc. 29), defendant Anita Hemphill's motion to dismiss (doc. 44), defendant Paula Little's motion to dismiss (doc. 54), and plaintiff's responses in opposition (docs. 50, 57). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim and that the claim should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se* and *in forma pauperis*, was an inmate at the Escambia County Jail when he initiated this lawsuit on November 4, 2010. (Doc. 1) Plaintiff has since been released. Plaintiff's second amended complaint, filed on July 26, 2012, seeks compensatory damages based on his claims that, while plaintiff was housed at the Escambia County Jail, defendants denied him necessary medical treatment after plaintiff's eye became "extremely" red, sore, and blurred from removal of a torn contact lens. (Doc. 29, pp. 5-6) Plaintiff names as defendants Paula Little

("Little"), the jail's Director of Nursing, and Nurse Anita Hemphill ("Hemphill"), a Commander. (Doc. 29, 1-2)

The chronology of relevant events, according to the complaint, begins on or around September 1, 2010, when plaintiff was washing his face in Housing Unit R3G. (Doc. 29, p. 5). As he was washing, plaintiff inadvertently tore the contact lens in his right eye. (Doc. 29, p. 5) Though plaintiff was able to extract the torn lens, the incident left his eye red and sore, and his vision blurred. (Doc. 29, p. 5).

Immediately after removal of the torn contact, plaintiff submitted a sick call request to defendant Little, "complaining of his eye injury and requesting medical treatment." (Doc. 29, p. 5). Despite his request, plaintiff was never summoned to sick call and instead received a written response from Little "informing him that they can't do nothing [sic] for his eye." (Doc. 29, p. 5). On September 7, 2010, at approximately 3:30 p.m., plaintiff submitted a second sick call request to Little, again seeking medical treatment for his eye injury. (Doc. 29, p. 5). Plaintiff, who had informed Little that this was his second request, received another written response. In the response, Little explained to plaintiff that the jail will not send an inmate out to see an optometrist. (Doc. 29, pp. 5-6).

On September 13, 2010, plaintiff submitted a grievance complaint to Commander Hemphill. (Doc. 29, p. 6). Plaintiff informed Hemphill of his injury and explained that "he has been denied medical treatment twice for the same injury." (Doc. 29, p. 6). Plaintiff also requested medical treatment "to make sure he doesn't have damage to his eye." (Doc. 29, p. 6). Plaintiff received a written response from Hemphill, who explained that a torn contact lens cannot cause a torn retina or bruised pupil. (Doc. 29, p. 6).

Based on the foregoing, plaintiff asserts claims against both Little and Hemphill for cruel and unusual punishment, in violation of the Eighth Amendment to the U.S. Constitution. (Doc. 29, p. 7). Plaintiff alleges that defendant Little "deliberately denied" plaintiff medical treatment "by refusing to call him down to sick call" after either sick call request. Plaintiff further claims that defendant Hemphill violated the Eighth Amendment when she "refused to honor plaintiff's suggest solution to receive medical treatment, after . . . plaintiff submitted a grievance complaint . . . ." (Doc. 29, pp. 7-8). As a result of these violations, plaintiff seeks monetary damages of $500,000.00 because of the "defendants' negligence." (Doc. 29, p. 7).

On December 29, 2010, Magistrate Judge Davis, after reviewing plaintiff's initial complaint, informed plaintiff of the heightened standard that is required to plead a claim of deliberate indifference to serious medical needs. (Doc. 9, p. 3). Judge Davis cautioned, "[t]he inadvertent or negligent failure to provide adequate medical care, 'cannot be said to constitute an unnecessary and wanton infliction of pain.'" (Doc. 9, p. 3). Plaintiff was advised to submit an amended complaint if he believed himself able to state a cause of action under the applicable law. (Doc. 9, p. 4). Plaintiff subsequently filed a first amended complaint.

After review of plaintiff's first amended complaint (doc. 10), the undersigned recommended plaintiff's case be dismissed with prejudice for failure to state an actionable claim. (Doc. 25). Specifically, the undersigned took issue with plaintiff's failure "to sufficiently allege the existence of the essential elements of a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment." (Doc. 25, p. 6). Plaintiff pled neither that his condition was worsened by defendants' delay in treatment nor facts sufficient to "raise the inference that the

insult to his eye and concomitant symptoms, caused by the mere tearing of a contact lens, were 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" (Doc. 25, pp. 6-7). Further, with regard to any causal connection between defendants' unconstitutional acts and plaintiff's injury, plaintiff failed to allege what additional harm resulted from the alleged delay in medical attention. (Doc. 25, p. 7). Accordingly, the undersigned recommended plaintiff's complaint be dismissed for failure to state a claim. (Doc. 25, pp. 7-8). In response to the Report and Recommendation, plaintiff submitted various medical records from Upstate University Hospital. (Doc. 27-1). These records showed that plaintiff underwent surgery for a "retinal detachment with proliferative vitreoretinopathy" in his right eye. (Doc. 27-1, p. 3). District Judge Rodgers reviewed the additional information and afforded plaintiff "a final opportunity to amend his complaint," and state a claim upon which relief could be granted. (Doc. 28). Judge Rodgers thus remanded the case back to the undersigned for further proceedings. (Doc. 28).

Plaintiff subsequently filed his second amended complaint (doc. 29). After service of the complaint, defendants filed motions to dismiss for failure to state a claim (docs. 44, 54).[1] Defendants contend that plaintiff's second amended complaint simply reiterates the allegations "nearly verbatim" from the first amended complaint. (Docs. 44, p. 5; 54, p. 5). Defendants argue plaintiff's second amended complaint is again "devoid of any allegation that his condition worsened as a result of the denial of medical treatment, or that raises the inference that the injury to his eye was 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" (Docs. 44, p. 6; 54, p. 6). Moreover, defendants stress that plaintiff, after

---

[1] Defendants' motions to dismiss are largely similar in substance and therefore extensive individual discussion of each motion will not be undertaken.

being advised in several orders of the deficiencies in his complaints, has still failed to plead sufficient facts necessary to satisfy the causation requirement of an Eighth Amendment claim. (Docs. 44, p. 6; 54, p. 6). Defendants Little and Hemphill argue plaintiff's second amended complaint fails to make any showing that their actions "caused [plaintiff] to suffer any harm in addition to the initial red, sore, blurry condition of his eye." (Docs. 44, p. 6; 54, p. 6).

MOTION TO DISMISS STANDARD

On a motion to dismiss for failure to state a claim, the court accepts a complaint's well pleaded allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusion" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *see also Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) ( "[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal.") (citing *Associated Builders, Inc.*, 505 F.2d at 99); *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations.").

As the Supreme Court reiterated in *Ashcroft v. Iqbal*, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

## ANALYSIS

### *Deliberate Indifference*

"To state a cause of action under § 1983, a plaintiff must allege that (1) there was an act or omission that deprived him of a constitutional right, privilege, or immunity and (2) the act or omission was committed by a person acting under color

of state law." *Evans v. St. Lucie Cnty. Jail*, 448 F. App'x 971, 973 (11th Cir. 2011) (citing *Hale v. Tallapossa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 2005)). Plaintiff asserts claims of deliberate indifference to serious medical needs, which arise under the Eighth Amendment. A challenge to the failure to provide medical care requires a two-prong showing: "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *See Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Where, as here, the claim is for deliberate indifference to a serious medical need, the plaintiff must also show causation. *See Milton v. Turner*, 445 F. App'x 159, 161 (11th Cir. 2011) ("To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury.").

The objective component of a claim alleging inadequate medical care is difficult to meet. "First, a plaintiff must demonstrate 'an objectively serious medical need, one that, if left unattended, poses a substantial risk of serious harm.'" *Evans*, 448 F. App'x at 974 (quoting *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (quotations omitted)). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotation omitted)). "Second, the plaintiff must show that the response 'was poor enough to constitute an unnecessary and wanton infliction of pain.'" *Id.* (quoting *Taylor*, 221 F.3d at 1258 (quotation omitted)). "The level of care exercised by the official must be worse than mere

'accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.'" *Id.* (quoting *Taylor*, 221 F.3d at 1258) (quotations omitted)).

As described generally above, the subjective component of a claim alleging inadequate medical care requires that "the official had a 'sufficiently culpable state of mind.'" *Thomas*, 614 F.3d at 1304 (quoting *Farmer*, 511 U.S. at 834) (internal citations and quotations omitted)). More specifically, "the relevant state of mind for purposes of liability is deliberate indifference." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 303 (1991)). "This has three components: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence.'" *Evans*, 448 F. App'x at 974 (quoting *Farrow*, 320 F.3d at 1245 (quotations omitted)). The Supreme Court has emphasized that the official must have been actually aware of the risk of harm: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *See Farmer*, 511 U.S. at 837.

First, plaintiff fails to sufficiently allege the existence of the essential elements of a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. After removing the contact lens from his right eye on or about September 1, 2010, plaintiff began experiencing soreness in that eye, redness, and blurry vision. (Doc. 29, p. 5). Plaintiff submitted a sick call request to defendant Little detailing the injury and requesting medical treatment; six days later, he submitted a second sick call request, again complaining of his eye injury. (Doc. 29, p. 5). Seven days after that, on September 13, plaintiff submitted a grievance request to defendant Hemphill informing her of the denial of medical treatment for that same injury. (Doc. 29, p. 6). In his second sick call request, plaintiff indicated his contact

ripped in half while in his right eye. (Doc. 27-1, p. 10). He also admitted that the redness in his eye "ha[d] cleared" and that he had "bad headaches due to this accident and straining to see from one eye . . . ." (Doc. 27-1, p. 10). In response, defendant Little stated that they do not send inmates to optometry, but if plaintiff had family in the area, they could bring him contacts. (Doc. 27-1, p. 10).

Plaintiff has not shown that nurse Little or commander Hemphill had subjective knowledge of a risk of serious harm or that, if either did, they chose to disregard that risk and, in doing so, engaged in conduct that was beyond mere negligence. *See Evans*, 448 F. App'x at 974. Indeed, given plaintiff's description of the injury and the resulting symptoms, all of which are fairly minor, defendants could not have had the requisite awareness of the severity of plaintiff's injury.[3] Even assuming, *arguendo*, that defendants should have further inquired into plaintiff's injury, such error is one of negligence and not of deliberate indifference. *See Mann v. Hillsborough County Sheriff's Office*, 946 F. Supp. 962, 968-69 (M.D. Fla. 1996) ("Negligent conduct does not constitute the type of abuse of government power that is cognizable under § 1983. Something more akin to deliberate indifference is required. Deliberate indifference implies knowledge, and knowledge constitutes conduct above that of mere negligence.") (citations omitted). In fact, defendant Hemphill's statement to plaintiff that torn contacts "can in no way tear a retina or

___

[3] Plaintiff, in his responses to the motions to dismiss (docs. 50, 57), claims that defendants "demonstrated a conscious disregard of an excessive risk to plaintiff's health and safety" and that "[t]he level of care exercised by the defendants was worse than mere accidental inadequacy, negligence, in diagnosis or treatment, or even medical malpractice, because the plaintiff was on the verge of loosing [sic] complete vision in his right eye." Plaintiff attempts to support such conclusory assertions by noting that defendants were aware plaintiff had an eye injury and knew how the eye injury occurred, but never called plaintiff down to sick call. As discussed above, such conduct is, at best, negligent and not deliberately indifferent.

bruise a pupil," indicates defendant Hemphill considered and responded to plaintiff's concerns. (Doc. 29, p. 6). Mistaken judgment is not a basis for deliberate indifference, particularly where, as here, the jail official has considered the actual complaint advanced. As the Supreme Court stated in the leading case on the issue,

> in the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). In plaintiff's own words, and after three opportunities to amend, the complaint purports to seek damages "because of the defendants' negligence." (Doc. 29, p. 8). Thus, plaintiff has not satisfied the subjective component of a claim alleging inadequate medical care. *See Thomas*, 614 F.3d at 1304

Moreover, plaintiff again has failed to allege that the absence of treatment caused additional symptoms or deterioration of his condition. *See Milton*, 445 F. App'x at 162 ("'[A] serious medical need is determined by whether a delay in treating the need worsens the condition.'" (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009))). Plaintiff does not assert facts that would support an inference that the injury to his eye and resulting headache, blurred vision, and soreness, all caused by the mere tearing of a contact lens, were "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *See id.* (articulating the alternative standard—applied where the plaintiff does not allege that a delay in treating worsened the condition—for determining whether a medical need

is "serious"). While plaintiff did include later medical records showing he had a detached retina, nothing in his pleadings demonstrates he informed the defendants of such or gave the defendants any indication his eye was injured to such a serious degree. Similarly, only speculation would support a conclusion that jail officials somehow should have divined any such serious injury, in light of all the facts known to them. Consequently, plaintiff has not satisfied the objective component of a claim alleging inadequate medical care. *See Taylor*, 221 F.3d at 1258.

*Causation*

The undersigned also previously indicated plaintiff failed to allege a causal nexus between the claimed indifference of defendants and his injury. *See Thomas v. Harris*, 399 F. App'x 508 (11th Cir. 2010); *Milton*, 445 F. App'x at 162 (requiring plaintiff claiming deliberate indifference to allege "causation between the defendants' indifference and the plaintiff's injury" (quoting *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010)). One must recall that the initial symptoms, and the only complaints known to jail officials, resulted entirely from plaintiff's act of tearing his contact lens. In his statement of claims as to defendant Little, plaintiff says only that this defendant denied plaintiff's rights by "deliberately den[ying] plaintiff any medical treatment and by refusing to call him down to sick call" after his two requests. (Doc. 29, p. 7). As to defendant Hemphill, plaintiff says he was subjected to cruel and unusual punishment when defendant Hemphill "deliberately refused to honor the plaintiff's suggested solution to receive medical treatment . . . ." (Doc. 29, pp. 7-8). Importantly, plaintiff does not allege what further harm was caused by the absence of medical attention, beyond that which he incurred from the original event.[4]

---

[4] In an affidavit filed in response to the motions to dismiss, plaintiff sets out his contention that he "had an objectively serious medical need, and because it was left alone, he had to undergo

Plaintiff has not shown, despite being advised to do so, that defendants' failure to call plaintiff down to sick bay caused or worsened his injury in any demonstrable way.

Plaintiff's allegations and recitation of facts in his second amended complaint (doc. 29) are repeated almost verbatim from his first amended complaint (doc. 10). Plaintiff has been cautioned on three separate occasions (docs. 9, 25, 28), by three different judges, of the deficiencies in his pleadings, and he has continuously failed to properly amend his complaint so as to state a cause of action upon which relief may be granted. Plaintiff also had the opportunity to respond to defendants' motions to dismiss, yet put forward no additional facts or allegations, save for mere conjecture, to support a finding that the defendants violated plaintiff's Eighth Amendment rights. Because the facts as pleaded do not state a claim to relief that is plausible on its face, this complaint should be dismissed for failure to state a claim. *See Twombly*, 550 U.S. at 570. The District Court's order upon the previous Report and Recommendation allowed plaintiff "a final opportunity to amend his complaint." (Doc. 28, p. 2). This has been done, but the fatal deficiencies have not been cured.

Accordingly, it is respectfully RECOMMENDED:

1. That defendant Hemphill's motion to dismiss (doc. 44) be GRANTED.

2. That defendant Little's motion to dismiss (doc. 54) be GRANTED.

3. That plaintiff's claims be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

---

surgery." (Doc. 57, p. 3). This affidavit adds nothing, because it offers an expert medical opinion from plaintiff himself. Significantly, the medical records attached to the affidavit, even accepted at face value, do not offer support for a showing of causation or for additional damage, as discussed above.

4.  That the clerk be directed to close the file.

At Pensacola, Florida this 28th day of August, 2013.

*/s/ Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).